■ MICHELLE A. BERGER et al., Appellants, v PHILIP W. SEE-FRIED et al., Respondents. [678 NYS2d 641] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), dated August 1, 1997, which, upon a jury verdict, and upon the denial of their motion, *inter alia*, to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against them on the issue of liability only.

Ordered that the judgment is reversed and a new trial is granted on the issue of liability, with costs to abide the event.

On the night of January 10, 1987, the defendant Susan I. Seefried was driving her father's vehicle southbound on Hempstead Avenue. Witnesses described the weather that evening as "misty", "rainy", and "drizzling". In an attempt to pass vehicles ahead of her in the southbound lane, Ms. Seefried directed her vehicle partially across the broken yellow line which divided the northbound and southbound traffic lanes on Hempstead Avenue, thereby entering the northbound lane. At the same time, the plaintiffs Michelle Abel Berger and Judith Berger were present in the northbound lane, attempting to cross Hempstead Avenue. It is undisputed that there was no crosswalk, traffic signal, or stop sign at the location where the pedestrians were crossing. However, Ms. Seefried testified that she saw the two women crossing in front of her from a distance. Ms. Seefried's vehicle subsequently struck these plaintiffs.

At the close of the trial on the issue of liability, the jury was asked in a single interrogatory whether Ms. Seefried had been negligent and whether her negligence had been a proximate cause of the accident. The jury responded in the negative. The plaintiffs moved, *inter alia*, to set aside the verdict, but the court denied the motion and entered judgment in accordance with the verdict. We reverse.

A jury's determination will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134). Under the circumstances of this case, the jury's finding either that Ms. Seefried was free from negligence or that her negligence was not a proximate cause of the accident could not have been reached upon any fair interpretation of the evidence. Accordingly, we set aside the verdict and grant a new trial.

The plaintiffs' remaining contentions are either unpreserved for appellate review, without merit, or need not be addressed in view of the foregoing analysis. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.